**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,       )
                          )
     v.       )       ID Nos.   2207006408
                          )                    2207006475
CALVIN J. SAMUEL,        )                    2207006542
                          )
    Defendant.       )

## ORDER

1. On this 8th day of November, 2023, upon consideration of Defendant Calvin J. Samuel's ("Defendant")[1] *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[2] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On June 23, 2023, Defendant pled guilty to four counts of Robbery in the Second Degree (Class E Violent Felony). On June 29, 2023, for each count, the Superior Court for New Castle County, Delaware, sentenced Defendant to a separate period of five years of Level V supervision, suspended after one year without early release for eighteen months of Level III supervision.[3]

---

[1] Defendant's name is listed elsewhere in the record as Calvin Samuels and Samuel Calvin.
[2] D.I.s 2207006408-9, 2207006475-10, 2207006542-8. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the terms of his sentence.
[3] D.I.s 2207006408-7-8, 2207006475-8-9, 2207006542-6-7. The probationary periods of this sentence run concurrently with any probation Defendant was already serving at the time of sentencing.

3. On August 5, 2023, Defendant filed the instant Motion, in which he asks this Court to amend its June 29, 2023 sentencing order to direct the Department of Correction to calculate his sentence for the instant Robbery charges concurrently with a sentence he says was imposed on him by the Delaware Superior Court for Kent County.[4]

4. Rule 35(b) authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time." Pursuant to 11 *Del. C.* § 3901(d), this Court has discretion to "direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant."

5. However, this Court lacks the information needed to justify amending the sentence order. Though Defendant states that his criminal conduct amounted to a "crime spree" across "multiple banks in Delaware's New Castle and Kent countys [sic],"[5] the grand jury charges to which Defendant pled guilty on June 23, 2023, solely pertain to conduct that occurred in "the County of New Castle, State of Delaware," on June 17 and 27, 2022, and July 12, 2022.[6] The information currently

---

[4] D.I.s 2207006408-9, 2207006475-10, 2207006542-8. Defendant attempts to corroborate the existence of these sentences by listing two case identification numbers: 2207007952 and 2207010934. *Id.*

[5] *Id.*

[6] D.I.s 2207006408-3, 2207006475-3, 2207006542-3.

available presents no justification for amending the sentence order. Defendant's sentence is proper for all the reasons stated at the time of sentencing. Hence, Defendant's Motion is **DENIED**.

      **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Calvin J. Samuel (SBI #00983771)

3